Mary Kierzenkowski, by her father and next friend Aldebert Kierzenkowski, Appellant, *v.* Philadelphia Traction Company.

*Negligence—Street railways—Infants.*

In an action against a street railway company to recover damages for personal injuries to an infant three years old, a verdict and judgment for the defendant will be sustained where the weight of the evidence was in effect that the child ran suddenly upon the track in front of a horse car and was knocked down and hurt, before the car could be stopped. The mere fact that the driver had his hand back adjusting his chair at the time of the accident is not enough to convict the defendant of negligence.

Argued Jan. 14, 1898. Appeal, No. 163, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 1, Phila. County, June Term, 1895, No. 730, on verdict for defendant. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass for personal injuries to a child three years old. Before Biddle, P. J.

At the trial it appeared that the plaintiff, a little girl three years old, was seriously injured on April 3, 1895, by being knocked down by one of defendant's horse cars.

The testimony relating to the accident is stated in the charge of the court below which was as follows:

This is a suit brought on behalf of this child against the traction company to recover damages for an injury she complains was caused by negligence of the defendant in this case. The first point to be established is whether the accident was caused by the negligence of the defendant. It is not enough to show that a very painful accident has happened, and, therefore, the person who caused the accident has to be punished. You must be satisfied it was caused by the negligence of the defendant in the case. Now, it is contended by Mr. Strohlein, a witness on behalf of the plaintiff, as to the nature of this accident, that he saw the accident as you have heard, and that this car was going at an unusual and improper rate of speed; running, he calls it, and I

suppose by that he means very fast, but exactly the gait he cannot clearly state, but that the car was running at a great rate of speed, and at sixty or sixty-five feet from this crossing, with nothing to obstruct the view of the driver, the driver negligently ran the child down. That is his testimony. Of course, that would make, as I have had occasion to state, the other side not having been presented, a case of apparent negligence proper for you to decide. The defense is that this was an unavoidable accident. The question you have to decide is, first, is the defendant guilty of negligence, and in the second place, is the person who has complained of the injury guilty of negligence? Has he contributed to the injury he has sustained? If he has, the law don't undertake to show which is the most to blame, but if the plaintiff is to blame, he has no right to recover. Of course, that rule of law does not apply to children of the age of this one. The law does not allow that they can be guilty of contributory negligence; but you are obliged to consider the case as to the negligence alone of the defendant. There is, however, this apparent exception, although not a real exception to the rule. [If you were driving along the street with your horse and wagon, and a child runs under the feet of the horses, and the child is killed, you are not responsible; not because the child is guilty of contributory negligence, but because you are not guilty of negligence. If it is an unavoidable accident, you are not responsible, and so in this case consider the testimony of the three ladies who have testified here. If you should consider that this child "popped up suddenly out of the ground," as one of the witnesses says, before the driver, and it was so sudden and unexpected that he was unable to pull in his horses sufficiently to prevent the accident, you would have no right to attribute negligence to him.] [1]

[Now, this is the testimony of the defendant's witnesses, these three ladies and the driver of the car. The driver told you distinctly what he was doing, and I don't agree with the counsel for the plaintiff in this case that if the driver put his hand back to adjust his chair that that constituted such carelessness or negligence as would justify a verdict against the defendant. You might as well say a man has no right to blow his nose, because he cannot be looking ahead while he is doing it. The law says that as long as a man is attending to the business of his road he is

not guilty of negligence, and for such an act as that you would not be justified, in my opinion, to say that the mere fact of a man adjusting his chair to consider him guilty of negligence.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3, 4) that the charge was inadequate.

*A. S. Ashbridge, Jr.*, for appellant.—The child was not a trespasser, and was crossing the track at a street crossing, where she had a perfect right to be, and it is extremely difficult to imagine how a child could be injured as she was, without carelessness on the part of the driver, and we submit that his own evidence showed that he was guilty of negligence per se. To prove the correctness of this, however, it is necessary to ascertain what are the duties of a driver of a car on approaching street crossings. They are, we submit, certain duties which he must at all times fulfil. It is his duty to keep his eyes fixed upon the street in front of him, to slow up his horses at the crossings, and to have them under control when approaching crossings, where he must always expect that children of tender years and aged and infirm persons may be liable to cross. This duty is fixed by law, and a failure to perform it is negligence: Mulhair v. Railway Co., 6 W. N. C. 508 ; Foxley v. Railway Co., 107 Pa. 537 : Schmidt v. McGill, 120 Pa. 405 ; Thomas v. Railway Co., 132 Pa. 504 ; Ehrisman v. Railway Co., 150 Pa. 186 ; Schnur v. Traction Co., 153 Pa. 29 ; Johnson v. Railway Co., 160 Pa. 650 ; Gilmore v. Railway Co., 153 Pa. 31 ; Evers v. Traction Co., 176 Pa. 380 ; Reilley v. Traction Co., 176 Pa. 335.

*Thomas Leaming*, for appellee.

PER CURIAM, January 24, 1898 :

The first and second specifications, alleging error in certain portions of the charge quoted therein, cannot be sustained. Considered in connection with other parts of the charge, there is no error in either of said excerpts of which the plaintiff has any just reason to complain. As to the two remaining specifications, it is sufficient to say that there is no merit in either of them. In view of the facts which the testimony tended to prove, the instructions were adequate and free from error. In affirm-

ing defendant's first point, the learned president of the common pleas said : " If the jury believe from the evidence in this case that the child suddenly and unexpectedly appeared in the vicinity of the track under such circumstances that the driver of the car could not have discovered its presence in time to avert the accident, the verdict must be for the defendant." This instruction was fully warranted by the evidence, and it fairly presents the main, if not the only, question of fact upon which it was necessary for the jury to pass. That question was settled in favor of the defendant by their verdict.

Much as the injury which unfortunately befell the child is to be regretted, the defendant company should not be held liable in damages unless it, through its employee, was guilty of negligence which was the proximate cause of the injury. There is nothing in the record on which a reversal of the judgment can be based.

Judgment affirmed.